UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES JEROME CUFFEE,

        Plaintiff,

    v.

HARRAH'S RESORT ATLANTIC
CITY, et al.,

        Defendants.

No. 1:21-cv-01258-NLH-KMW

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

THOMAS JOSEPH VESPER
WESTMORELAND, VESPER & SCHWARTZ, PC
8025 BLACK HORSE PIKE
SUITE 500
WEST ATLANTIC CITY, NJ 08232

    *On behalf of Plaintiff James Jerome Cuffee*

TRACEY MCDEVITT HAGAN
REILLY, JANICZEK & MCDEVITT, PC
2500 MCCLELLAN BOULEVARD
SUITE 240
MERCHANTVILLE, NJ 08109

    *On behalf of Defendant Harrah's Resort Atlantic City*

**HILLMAN**, **District Judge**

On January 27, 2021, Defendant, Harrah's Resort Atlantic City, removed Plaintiff James Jerome Cuffee's case from New Jersey Superior Court to this Court. Defendant's notice of removal stated that this Court has jurisdiction over this matter based on 28 U.S.C. § 1332(a) because the parties have diverse

1

citizenship and the matter in controversy exceeds the sum or
value of $75,000, exclusive of interest and costs.

Defendant's notice of removal averred that Plaintiff is a
citizen of Pennsylvania, and Defendant is a citizen of Delaware
(state of incorporation) and Nevada (its principal place of
business).  Defendant's notice of removal further averred:

> 4. Plaintiff's Complaint does not plead a specific
> monetary amount of damages. See Exhibit "A."
>
> . . .
>
> 6. On January 21, 2021, Movant sent a letter request to
> Plaintiff's counsel requesting a Statement of Damages.
> See a true and correct copy of Defendant's request for a
> Statement of Damages, attached hereto as Exhibit "B."
>
> 7. On January 22, 2021, Plaintiff's Counsel responded to
> Movant's January 21, 2021 letter requesting a Statement
> of Damages. See a true and correct copy of Plaintiff's
> response to Defendant's request for a Statement of
> Damages, attached hereto as Exhibit "C."
>
> 8. Plaintiff's Counsel's January 22, 2021 letter
> indicates Plaintiff's alleged damages total $500,000.00.
> Id.
>
> 9. As contained in Plaintiff's January 22, 2021 letter,
> Plaintiff's alleged damages are in excess of $75,000. Id.

On February 10th, 2021 Plaintiff and Defendant filed a
"Stipulation to Cap Damages at $69,000 and Waive Right to Seek
Relief from Stipulation," (ECF No. 3), which was followed by a
"Consent Order for Remand Case to State Superior Court."  (ECF
No. 4).  The stipulation provides that Plaintiff has now agreed
to cap his damages at $69,000.  The Consent Order for Remand

further provides that subject matter jurisdiction under 28
U.S.C. § 1332(a) no longer exists because of Plaintiff's
agreement to cap his damages below the jurisdictional threshold,
and the action must therefore be remanded.

The parties' agreement to remand is without force.  A
"post-removal agreement to the remand of the case to state court
does not provide the mechanism for remand.  The parties cannot
unilaterally consent to the remand of the case when this Court
had at the time or removal, and continues to have, subject
matter jurisdiction over the action." McNally v. Waterford
Township, 2019 WL 6117728, at *2 (D.N.J. Nov. 18, 2019).
Similar efforts by parties to return to state court are also
ineffectual when subject matter jurisdiction has been
established in this Court.  See id. (where the parties filed a
proposed consent order to remand based on the plaintiff's post-
removal amended complaint that dismissed his federal claim,
which was the basis for subject matter jurisdiction, finding
that the dismissal of the federal claims and their agreement to
remand did not provide a valid mechanism to remand the matter to
state court because subject matter jurisdiction existed under 28
U.S.C. § 1367(a)) (citing Duffy v. Absecon Police Department,
2019 WL 5265322, at *1 (D.N.J. Oct. 17, 2019) (citing Tom's
Landscaping Contractors, LLC v. Ernest Bock & Sons, Inc., 2018
WL 5294510, at *2 (D.N.J. 2018)) (declining to endorse the

3

parties' "Consent Order Permitting Plaintiff to File Amended
Complaint and For Remand of Entire Action to State Court," where
the amended complaint would add a non-diverse party, because the
filing of the plaintiff's amended complaint would not defeat
subject matter jurisdiction if such jurisdiction existed at the
time the defendant removed plaintiff's original complaint)
(citing Mollan v. Torrance, 22 U.S. 537, 539 (1824), quoted in
Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570
(2004) ("It has been long and well-established that in
determining whether a federal court may exercise jurisdiction
based upon diversity of citizenship, the court must look to 'the
state of things at the time of the action brought.'"); St. Paul
Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294-95 (1938)
("It uniformly has been held that in a suit properly begun in
the federal court the change of citizenship of a party does not
oust the jurisdiction.  The same rule governs a suit originally
brought in a state court and removed to a federal court.")); St.
Paul Mercury Indem. Co., 303 U.S. at 292-93 (announcing long ago
that "the plaintiff after removal, by stipulation, by affidavit,
or by amendment of his pleadings, reduces the claim below the
requisite amount, [] does not deprive the district court of
jurisdiction," and further reiterating that "events occurring
subsequent to removal which reduce the amount recoverable,
whether beyond the plaintiff's control or the result of his

volition, do not oust the district court's jurisdiction once it has attached").

This Court has previously explained, "two things are equally true.  This is a court of limited jurisdiction.  It must not exercise its considerable power beyond the scope of its authority as conferred by the Constitution and statute.  However, it is equally so that this Court has an unflagging obligation to maintain its jurisdiction, once conferred." Farren v. FCA US, LLC, 2018 WL 372168, at *3 (D.N.J. 2018). Because Plaintiff has not challenged the procedural propriety of the removal, the Court properly maintains subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) – at the time of removal there was diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeded $75,000.  Indeed, according to Defendant's notice of removal, Defendant requested that Plaintiff's counsel provide a statement of the damages demanded pursuant to New Jersey state court rules, (see ECF No. 1-2, Ex. B), and Plaintiff's counsel responded with a statement that Plaintiff was pursuing $500,000 in damages.  (ECF No. 1-3, Ex. C).  Plaintiff's belated decision to cap his damages at $69,000 does not divest this Court of subject matter jurisdiction as it existed on the day Defendant removed Plaintiff's complaint to this Court.

Consequently, the parties' request that the Court order the remand of the action to state court must be denied.[1]

SO ORDERED.


Date: ___February 12, 2021___          ___/s Noel L. Hillman___
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

_____

[1] As the Court noted in Farren, 2018 WL 372168, at *3 n.2, neither Plaintiff nor Defendant are prisoners of the federal court if they would rather return to state court.  The parties may follow Fed. R. Civ. P. 41(a)(1)(A), which provides that a plaintiff may dismiss its action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."  If it is the first dismissal, the rule expressly provides that dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B).  Thereafter, to the extent allowed by state law, Plaintiffs may refile their action in state court.