UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES JEROME CUFFEE,<br><br>      Plaintiff,<br><br>  v.<br><br>HARRAH'S RESORT ATLANTIC CITY, et al.,<br><br>      Defendants. | No. 1:21-cv-01258-NLH-KMW<br><br>OPINION |

**APPEARANCES:**

THOMAS JOSEPH VESPER
WESTMORELAND, VESPER & SCHWARTZ, PC
8025 BLACK HORSE PIKE
SUITE 500
WEST ATLANTIC CITY, NJ 08232

    *On behalf of Plaintiff James Jerome Cuffee*

TRACEY MCDEVITT HAGAN
REILLY, JANICZEK & MCDEVITT, PC
2500 MCCLELLAN BOULEVARD
SUITE 240
MERCHANTVILLE, NJ 08109

    *On behalf of Defendant Harrah's Resort Atlantic City*

**HILLMAN**, **District Judge**

    This case comes before the Court on Plaintiff James Jerome Cuffee's motion for reconsideration of this Court's February 16, 2021 Order denying the parties' joint request for remand. For the reasons expressed below, Plaintiff's motion will be denied.

1

## BACKGROUND

On January 27, 2021, Defendant, Harrah's Resort Atlantic City, removed Plaintiff James Jerome Cuffee's case from New Jersey Superior Court to this Court. Defendant's notice of removal stated that this Court has jurisdiction over this matter based on 28 U.S.C. § 1332(a) because the parties have diverse citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Defendant's notice of removal averred that Plaintiff is a citizen of Pennsylvania, and Defendant is a citizen of Delaware (state of incorporation) and Nevada (its principal place of business). Defendant's notice of removal further averred:

> 4. Plaintiff's Complaint does not plead a specific monetary amount of damages. See Exhibit "A."
>
> . . .
>
> 6. On January 21, 2021, Movant sent a letter request to Plaintiff's counsel requesting a Statement of Damages. See a true and correct copy of Defendant's request for a Statement of Damages, attached hereto as Exhibit "B."
>
> 7. On January 22, 2021, Plaintiff's Counsel responded to Movant's January 21, 2021 letter requesting a Statement of Damages. See a true and correct copy of Plaintiff's response to Defendant's request for a Statement of Damages, attached hereto as Exhibit "C."
>
> 8. Plaintiff's Counsel's January 22, 2021 letter indicates Plaintiff's alleged damages total $500,000.00. Id.
>
> 9. As contained in Plaintiff's January 22, 2021 letter, Plaintiff's alleged damages are in excess of $75,000. Id.

On February 10th, 2021 Plaintiff and Defendant filed a "Stipulation to Cap Damages at $69,000 and Waive Right to Seek Relief from Stipulation," (ECF No. 3), which was followed by a "Consent Order for Remand Case to State Superior Court." (ECF No. 4). The stipulation provided that Plaintiff had now agreed to cap his damages at $69,000. The Consent Order for Remand further provided that subject matter jurisdiction under 28 U.S.C. § 1332(a) no longer exists because of Plaintiff's agreement to cap his damages below the jurisdictional threshold, and argued that the action must therefore be remanded.

On February 16, 2021, this Court entered a Memorandum Opinion & Order denying the parties' request to remand this case to state court. That opinion explained that Plaintiffs' belated decision to cap his damages — after having originally asserted in a damages demand sent to Defendant under state law that his damages were $500,000 — did not divest this Court of jurisdiction over the action: "[b]ecause Plaintiff has not challenged the procedural propriety of the removal, the Court properly maintains subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) - at the time of removal there was diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeded $75,000." (ECF No. 5 at 5). As the Court further noted, "post-removal agreement to the remand of the case to state court does not provide the mechanism

3

for remand.  The parties cannot unilaterally consent to the remand of the case when this Court had at the time or removal, and continues to have, subject matter jurisdiction over the action."  Id. at 3 (quoting McNally v. Waterford Township, 2019 WL 6117728, at *2 (D.N.J. Nov. 18, 2019)).

On February 18, 2021, Plaintiff filed the present Motion for Reconsideration.  (ECF No. 6).  Plaintiff's motion is not accompanied by a brief, and relies entirely on a declaration from Plaintiff's counsel.  Plaintiff's counsel attests that Plaintiff's damages are less than $75,000, and in fact states that he made the damages demand to Defendant that served as the basis for Defendant's removal of this action without having actually determined whether Plaintiff had suffered permanent physical injury that would support his original $500,000 damages demand.  (See ECF No. 6-1).  On this basis, and none other, Plaintiff requests this Court grant its motion for reconsideration and remand this action to the state Court.  In response, Defendant filed a letter simply stating that "Defendant does not agree that this court incorrectly retains jurisdiction of this matter. As this Court correctly addressed in its Order dated February 16, 2021, this court properly retains jurisdiction once initially obtained through 28 U.S.C. §1332."  (ECF No. 7).

4

**DISCUSSION**

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). The burden is on the moving party to demonstrate the existence of clear error or manifest injustice. Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted). In doing so, the moving party must show the "'dispositive factual matter or controlling decisions of law'" it believes the court overlooked in its initial decision. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002).

Plaintiff here has shown none of these things. Plaintiff's motion is supported by no brief, and simply relies on an attorney certification that cites no case law and mostly repeats the exact claims and arguments put forth in support of the original joint request for remand. As the Court previously explained, a party's decision to cap their own damages at a later stage in a proceeding does not divest this Court of

subject-matter jurisdiction over the action. St. Paul Mercury Indem. Co., 303 U.S. at 292-93 (announcing long ago that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, [] does not deprive the district court of jurisdiction," and further reiterating that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached").

Plaintiff's counsel's only new assertion appears to be that his initial decision to demand damages of $500,000 was made without any actual investigation into his client's physical injuries. However, this assertion, made after this case was removed from the state court in which he filed to this federal court, is not new evidence that was not available when the Court issued its previous order, and does not demonstrate clear error or manifest injustice. Plaintiff and his counsel chose to pursue an amount greater than $75,000 when they began prosecuting this action, and accordingly at the time this action was removed from state court the amount-in-controversy requirement of 28 U.S.C. § 1332 was satisfied and this Court had diversity jurisdiction. Therefore, Plaintiff's motion for reconsideration will be denied.

6

The Court will take this opportunity to reiterate to Plaintiff what it explained in its prior Opinion: neither Plaintiff nor Defendant are prisoners of the federal court if they would rather return to state court.  The parties may follow Fed. R. Civ. P. 41(a)(1)(A), which provides that a plaintiff may dismiss its action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."  As Defendant has not filed an answer or motion for summary judgment at this stage, Plaintiff may dismiss this action without a court order.  As it would be the first dismissal, the federal rules expressly provides that dismissal would be without prejudice.  Fed. R. Civ. P. 41(a)(1)(B).  Thereafter, to the extent allowed by state law, Plaintiffs may refile their action in state court.

## CONCLUSION

For the reasons expressed above, Plaintiff's motion for reconsideration (ECF No. 6) will be denied.


Date: March 16, 2021               /s Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.